## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOLITA DUGLAS,<br>　　Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 22-CV-4207 |
| MILAGROS-SOTO-PILLOT, DO,<br>　　Defendant. | :<br>:<br>: |

### MEMORANDUM

**SÁNCHEZ, C.J.**                                                                                          **NOVEMBER 1, 2022**

Lolita Duglas filed this *pro se* action naming as Defendant Milagros-Soto-Pillot, DO. Duglas also seeks to proceed *in forma pauperis*. While her application to proceed *in forma pauperis* will be granted, this Court lacks subject matter jurisdiction to consider Duglas's claims. Any federal law claim contained in the Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and any state law claim will be dismissed for lack of supplemental subject matter jurisdiction under 28 U.S.C. § 1367(c).

**I.     FACTUAL ALLEGATIONS**

Duglas checked a box on the form Complaint she used to file this action indicating that she seeks to invoke the Court's federal question jurisdiction. Duglas provides no plausible explanation for how federal question jurisdiction applies to her claim. Duglas asserts she seeks to be cured of a blood clot and whatever else is causing her to experience pain in her legs when she walks. (ECF No. 2 at 4-5.)[1] She asserts that an ultrasound test conducted at Jefferson Methodist Hospital indicated acute deep vein thrombosis and Defendant Milagros-Soto-Pillot diagnosed her with a

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

blood clot.  (*Id.* at 5.)  She asks the Court "to see to it that [Defendant] cure me of my blood clot and acute right calf peroneal deep vein thrombosis." (*Id.* at 6.)

## II. STANDARD OF REVIEW

The Court grants Duglas's application to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  Also, a Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction.  28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015)

("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

As Duglas is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011); *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Vogt*, 8 F.4th at 185. However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.*

### III. DISCUSSION

The Court indisputably lacks a basis for exercising federal question jurisdiction over Duglas's claim, even when it is construed liberally. Thus, any federal law claim is dismissed for lack of jurisdiction. To the extent that the Complaint can be interpreted to raise a claim under state law, the Court will decline to exercise supplementary jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d

3

340, 344 (3d Cir. 2011).  It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Duglas does not allege the citizenship of the parties.  Rather, she provides only Pennsylvania addresses for herself and Milagros-Soto-Pillot, which suggests that diversity of citizenship is lacking.  Moreover, the alleged amount in controversy, five cents, is insufficient to support diversity jurisdiction.  Accordingly, Duglas has not sufficiently established a basis for the Court's jurisdiction over any state law claims she intends to pursue.

An appropriate Order follows dismissing Duglas's federal law claims with prejudice and any state law claim without prejudice for lack of subject matter jurisdiction.


**BY THE COURT:**


**/s/ Juan R. Sánchez**
**JUAN R. SÁNCHEZ, C.J.**